UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF NEW YORK

ROSE SAVIO as administratrix of the Estate of )
Caitlyn R. Savio, deceased, and ROSE SAVIO, as an )
Individual )
                                                              Plaintiffs, )   Civ. Action No.:
                                                                         )   7:13-cv-05606 (NSR)
   -against- )

KAITLYN M. DELPOZZO, LOUIS V. DELPOZZO, )
FRANCINE DELPOZZO, MATTHEW DELPOZZO, )
NISSAN MOTOR CO., LTD., NISSAN NORTH )
AMERICA, INC. and MOTORS GROUP, INC., )
                                                              Defendants, )

## AFFIRMATION IN SUPPORT OF PLAINTIFFS' REQUEST FOR AN EXPARTE ORDER EXTENDING THE PLAINTIFF'S TIME TO SERVE THE SUMMONS AND COMPLAINT

Gary A. Cusano, deposes and says under the penalty of perjury as follows:

1.    I am an attorney duly licensed to practice law in the State of New York and duly admitted to practice within the United States District Court for the Southern District of New York. I am the attorney for the plaintiffs herein.

2.    I submit this affirmation in support of the plaintiffs' request pursuant to Federal Rule of Civil Procedure 4(m) and 6(b)(1)(A)for an exparte order granting the plaintiffs an extension of time to serve the summons and complaint upon the defendants Kaitlyn M. Delpozzo,

Louis V. Delpozzo, Francine Delpozzo, and Matthew Delpozzo (hereinafter collectively "Delpozzos").

3. The reason this application is being made ex parte and not by notice of motion is that no defendant has appeared in this action because they have not yet been served with process.[1]

4. As set forth below, the plaintiffs seek the extension of time to serve the the plaintiffs' claims against the Delpozzos may be settled. The plaintiff administratrix is currently applying to the Putnam County Surrogate's Court for an order to compromise the cause of action against the Delpozzos and for an order permitting the administratrix to collect the proceeds thereof.

5. The instant request for an extension of time to serve is a precautionary measure for the unlikely event the Surrogate's Court denies the adminstratrix' application to compromise the cause of action against the Delpozzos.

6. This action was commenced on August 9, 2013 by the filing of a Summons and Complaint with the Clerk of the Court. Hence, the 120 days prescribed by Fed. R. Civ. P. 4(m) to serve the summons and complaint upon the Delpozzos will expire on December 9, 2013.[2]

7. The instant action seeks to recover for the pain and suffering and the wrongful death of Caitlyn R. Savio, a twenty (20) year old girl who was killed in a single car accident, to wit a rollover, which occurred on August 22, 2011.

---

[1] The plaintiffs are presently serving process upon the remaining defendants NISSAN MOTOR CO., LTD., NISSAN NORTH AMERICA, INC. and MOTORS GROUP, INC. within the time limitations prescribed by Fed. R. Civ. P. 4(m).

[2] The 120th day to serve is actually December 7, 2013 which is a Saturday. Pursuant to Fed. R. Civ. P. 6(a)(1)(C) if the last day of the period is a Saturday, the plaintiffs' period to serve continues to run until Monday December 9, 2013.

8. At the time of the incident, Caitlyn Savio was a passenger of a 1999 Nissan Pathfinder that was operated by the defendant Kaitlyn M. Delpozzo and owned by the defendants Louis V. Delpozzo, Francine Delpozzo and Matthew Delpozzo. The complaint states a claim against the Delpozzos for their negligent operation and ownership of the subject vehicle.[3]

9. The owners of the subject vehicle had in effect at the time of the occurrence anautomobile liability insurance policy with Allstate Insurance Company (hereinafter "Allstate"). That policy insured the subject vehicle with bodily injury limits of $25,000/$50,000, the minimum liabilityinsurance required by the State of New York. A copy of the policy Declaration Sheet for the subject vehicle is annexed hereto as Exhibit "A." Allstate has tendered the full policy limit of $50,000 as settlement of the plaintiffs' claims against the Delpozzos.

10. Although the plaintiff administratrix desires to accept this settlement, she cannotsettle the claim against the Delpozzo or any defendant until the she obtains an Order to compromisefrom the Surrogate's Court who issued the Letters of Administration.

11. On or about September 22, 2011, the Surrogate's Court of the County of Putnam, New York, issued Letters of Administration (hereinafter "Letters")to the plaintiff Rose Savio, the mother of the decedent. A copy of the Letters and the related Decree from the Surrogate's Court is annexed hereto as Exhibit "B." Pursuant to the Letters and the Decree, the administratrix is "restrained from compromising any cause of action and from collecting any proceed thereof until further order of [the surrogate court]." Because Allstate has tendered its full policy limit, your

---

[3] The complaint states claims against NISSAN MOTOR CO., LTD., NISSAN NORTH AMERICA, INC. and MOTORS GROUP, INC. premised on product liability.

deponent believes that the Surrogate's Court will not object to the compromise of the cause of action against the Delpozzos.

12. Notwithstanding, the plaintiffs respectfully request that this Honorable Court extend the plaintiffs' time to serve the Summons and Complaint upon the Delpozzos as a precautionary measure for the unlikely event the Surrogate's Court will not order the compromise. It is anticipated that the Surrogate's Court will decide the administratrix' application to compromise within forty-five (45) days of the date of this affirmation.

13. Federal Rule of Civil Procedure 4 provides, in pertinent part, that "if the plaintiff shows good cause for the failure [to timely serve a complaint], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "[A] good faith effort to settle the parties' dispute, constitutes good cause for extending the deadline for service under Rule 4(m)." *New York State Teamsters Council Health & Hosp. Fund v. C&D Specialized Transp.*, 1995 U.S. Dist. LEXIS 2054, 1995 WL 79176 (N.D.NY. 1995). Even in the absence of "good cause," Federal Rule of Civil Procedure 4(m) authorizes this Court, in its discretion, to enlarge the time to serve. Fed. R. Civ. P. 4(m); *Zapata v. City of New York*, 502 F.3d 192 (2nd Cir. 2007).

14. No previous application for the relief sought herein has been made.

WHEREFORE, the plaintiffs respectfully request that this Court grant the plaintiffs an extension of forty-five (45)days to serve the Summons and Complaint upon the defendants Delpozzos, together with any further or different relief that this Court may deem just and proper.

deponent believes that the Surrogate's Court will not object to the compromise of the cause of action against the Delpozzos.

12. Notwithstanding, the plaintiffs respectfully request that this Honorable Court extend the plaintiffs' time to serve the Summons and Complaint upon the Delpozzos as a precautionary measure for the unlikely event the Surrogate's Court will not order the compromise. It is anticipated that the Surrogate's Court will decide the administratrix' application to compromise within forty-five (45) days of the date of this affirmation.

13. Federal Rule of Civil Procedure 4 provides, in pertinent part, that "if the plaintiff shows good cause for the failure [to timely serve a complaint], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "[A] good faith effort to settle the parties' dispute, constitutes good cause for extending the deadline for service under Rule 4(m)." *New York State Teamsters Council Health & Hosp. Fund v. C&D Specialized Transp.*, 1995 U.S. Dist. LEXIS 2054, 1995 WL 79176 (N.D.NY. 1995). Even in the absence of "good cause," Federal Rule of Civil Procedure 4(m) authorizes this Court, in its discretion, to enlarge the time to serve. Fed. R. Civ. P. 4(m); *Zapata v. City of New York*, 502 F.3d 192 (2nd Cir. 2007).

14. No previous application for the relief sought herein has been made.

WHEREFORE, the plaintiffs respectfully request that this Court grant the plaintiffs an extension of forty-five (45)days to serve the Summons and Complaint upon the defendants Delpozzos, together with any further or different relief that this Court may deem just and proper.

Dated: Yorktown Heights, New York
December 6, 2013

Respectfully submitted,

*[signature]*

Gary A. Cusano, Esq. (GC8596)
Law Office of Gary A. Cusano, PC
Attorney for Plaintiffs
Stonewall Executive Center
30 Tomahawk Street
Baldwin Place, New York 10505
tel # (914) 902-5203
fax# (914) 613-0222
email: gac@cusanolaw.com

# EXHIBIT A

# Allstate Insurance Company

Policy Number: ▇▇▇▇▇▇  
Policy Effective Date: July 1, 2011  
Your Agent: Donovan G McBean (914) 583-0815

COVERAGE FOR VEHICLE #3    **1999 Nissan Pathfinder**    (TERRITORY 0046)

| COVERAGE | LIMITS | DEDUCTIBLE | PREMIUM |
|---|---|---|---|
| **Automobile Liability Insurance** | | | |
| • Bodily Injury | $25,000 each person<br>$50,000 each occurrence | Not Applicable | $67.30 |
| • Supplemental Spousal Liability | Included in BI limits | Not Applicable | |
| • Property Damage | $10,000 each occurrence | Not Applicable | $101.30 |
| Automobile Medical Payments | $5,000 each person | Not Applicable | $4.70 |
| Auto Collision Insurance | Actual Cash Value | $200 | $189.20 |
| Auto Comprehensive Insurance<br>Full Glass Coverage applies | Actual Cash Value | $200 | $46.40 |
| **Supplementary Uninsured/Underinsured Motorists (SUM)** | $25,000 each person<br>$50,000 each accident | Not Applicable | $4.90 |

\* The maximum amount payable under SUM coverage shall be the policy's SUM limits, reduced and thus offset by motor vehicle bodily injury liability insurance policy or bond payments received from, or on behalf of, any negligent party involved in the accident, as specified in the SUM endorsement.

New York Uninsured Motorists Endorsement-
Coverage declined/Basic Coverage Included in SUM

| Personal Injury Protection Benefits * | | | |
|---|---|---|---|
| • Mandatory PIP (VA) | $50,000 each person | $200 | $71.60 |
| • Optional Basic Economic Loss | $0 each person | Not Applicable | |
| • Additional PIP (VB) | $50,000 each person | Not Applicable | $8.30 |

\* Please see the attached Supplement to Policy Declarations for complete coverage and limits.

**Total Premium for 99 Nissan Pathfinder** — $493.76

**DISCOUNTS**   Your premium for this vehicle reflects the following discounts. Please see the enclosed Important Notice for information about other discounts you may be entitled to.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Anti-theft | $4.00 | Passive Restraint | $33.60 | Multiple Policy | $40.40 | | |
| Antilock Brakes | $30.90 | Daytime Running Lights | $12.40 | Premier Plus | $176.00 | | |

## RATING INFORMATION

This vehicle is driven over 7,500 miles per year, 0-3 miles to work/school, adult age 50, with no unmarried driver under 25, good driver rate

Your vehicle symbol is A, and your ten-digit class code is 2621111000. Please see the Important Notice section for a detailed explanation of this code and how your policy is rated.

**EXHIBIT B**

# SURROGATE'S COURT OF THE COUNTY OF PUTNAM

On the Date Written Below LETTERS OF ADMINISTRATION were granted by the Surrogate's Court of Putnam County, New York as follows:

File #: 2011-221

**Name of Decedent:** Caitlyn Rose Savio

Date of Death: 08-22-2011

**Domicile:** Carmel, New York

**Type of Letters Issued:** LETTERS OF ADMINISTRATION

**Fiduciary Appointed:** Rose Savio
44 Homestead Drive
Carmel NY 10512

**Limitations:** THE FIDUCIARY IS HEREBY RESTRAINED FROM COMPROMISING ANY CAUSE OF ACTION AND FROM COLLECTING ANY PROCEEDS THEREOF UNTIL THE FURTHER ORDER OF THIS COURT.

**NOTE:** SCPA 710 PROVIDES IN PART: "4. No fiduciary shall remove property of the estate without the state without prior approval of the court and upon filing a bond if required by the court."

THESE LETTERS, granted pursuant to a decree entered by the court, authorize and empower the above-named fiduciary or fiduciaries to perform all acts requisite to the proper administration and disposition of the estate/trust of the Decedent in accordance with the decree and the laws of New York State, subject to the limitations and restrictions, if any, as set forth above.

Dated: September 22, 2011

IN TESTIMONY WHEREOF, the seal of the Putnam County Surrogate's Court has been affixed.

WITNESS, Hon James T Rooney, Judge of the Putnam County Surrogate's Court

_Linda M Schwark_
Linda M Schwark, Chief Clerk

*These Letters are Not Valid Without the Raised Seal of the Putnam County Surrogate's Court*

**Attorney:**
Stephen M Smith
2649 Strang Blvd Suite 104
Yorktown Heights NY 10598

NOTICE: Attention is called to the provision of Sec.11-1.6 of Estates, Powers and Trusts law and Sec. 719 of the Surrogate's Court Procedure Act, which makes it a misdemeanor and a cause for removal for a fiduciary to deposit or invest estate funds in his individual account or name. All funds must be deposited in the name of the fiduciary and to the credit of the estate. Sec. 708 and Sec. 711 of the Surrogate's Court Procedure Act provide that if the address of the fiduciary changes they shall promptly notify the court of the new address and that failure to do so within thirty (30) days after such change may result in the suspension or revocation of letters.

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM

------------------------------------------------------------

Administration Proceeding, Estate of

**Caitlyn Rose Savio**

Deceased.

------------------------------------------------------------

**PUTNAM COUNTY**
**SEP 2 2 2011**
**SURROGATE'S COURT**

DECREE
File No.2011-221

PRESENT:   HON. JAMES T. ROONEY, Surrogate

A petition having been filed by **Rose Savio**, praying that administration of the goods, chattels and credits of the above-named decedent be granted to **Rose Savio** and all persons named in such petition required to be cited having been duly cited to show cause why such relief should not be granted or having duly waived the issuance of a citation and consented thereto; and it appearing that **Rose Savio** is in all respects competent to act as administratrix of the estate of said deceased, and a bond having been dispensed with; and such representative otherwise having qualified therefore; now, after due deliberation, with no one appearing in opposition thereto, it is

**ORDERED AND DECREED**, that Letters of Administration be issued to **Rose Savio**; and it is further

**ORDERED AND DECREED**, that the fiduciary is hereby restrained from compromising any cause of action and from collecting any proceeds thereof until the further order of this Court.

Dated: Carmel, New York
       September  22nd 2011.

_____
HON. JAMES T. ROONEY
SURROGATE

7:13-cv-05606 (NSR)
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ROSE SAVIO, as Administratrix of the ESTATE OF
CAITLYN R. SAVIO, and ROSE SAVIO, as an individual

Plaintiff(s)

- against -

KAITLYN M. DELPOZZO, LOUIS V. DELPOZZO,
FRANCINE DELPOZZO, MATTHEW DELPOZZO,
NISSAN MOTOR CO., LTD., NISSAN OF NORTH
AMERICA, INC. and MOTORS GROUP, INC.,

Defendant(s).
---------------------------------------------------------------X

## AFFIRMATION IN SUPPORT OF PLAINTIFF'S REQUEST FOR AN EXPARTE ORDER EXTENDING TIME TO SERVE THE SUMMONS AND COMPLAINT

### LAW OFFICES OF GARY A. CUSANO, PC
*Attorney for Plaintiffs*
Stonewall Executive Center
30 Tomahawk Street
Baldwin Place, New York 10505
**(914) 902-5203**

---

*Pursuant to 22NYCRR 130-1-1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.*
*Dated:*        *Signature:* _____
                                *Print Signer's Name: GARY A. CUSANO, ESQ.*

---

*Service of a copy of the within*                                        *is hereby admitted.*
*Dated:   December 9, 2013,*          ..........................................
                                                       *Attorney(s) for Plaintiffs*

---

**PLEASE TAKE NOTICE**
[ ]              *that the within is a (certified) true copy of a*
NOTICE OF    *entered in the office of the clerk of the within named Court on*
ENTRY
[ ]              *that an Order of which the within is a true copy will be presented for settlement*
NOTICE OF    *to the Hon.                           one of the judges of the within named Court,*
SETTLEMENT *at*
                  *on                           , at                           M.*
*Dated:*

                                                       Law Office of Gary A. Cusano, P.C.
                                                       Stonewall Executive Center
                                                       30 Tomahawk Street
                                                       Baldwin Place, New York 10505
                                                       (914) 902-5203