UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ROSE SAVIO as administratrix of the Estate of Caitlyn                13-CIV-5606 (NSR)
R. Savio, deceased, and ROSE SAVIO, as an Individual,

                          Plaintiffs,

                                                                    **ANSWER TO**
          -against-                                                 **PLAINTIFFS' COMPLAINT**

KAITLYN M. DELPOZZO, LOUIS V. DELPOZZO,
FRANCINE DELPOZZO, MATTHEW DELPOZZO,
NISSAN MOTOR CO., LTD., NISSAN NORTH
AMERICA, INC. and MOTORS GROUP, INC.

                          Defendants.
-------------------------------------------------------------------X

          Defendant, Nissan North America, Inc. ("NNA"), by its attorneys, Herzfeld &

Rubin, P.C., as and for its Answer to plaintiffs' Complaint, alleges the following upon

information and belief:

          1.      Denies knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "1" of the Complaint.

          2.      Denies the allegations contained in paragraph "2" of the Complaint insofar

as the claims are directed to NNA, Nissan Motor Co., Ltd., and Motors Group, Inc.

          3.      Denies the allegations contained in paragraph "3" of the Complaint on the

ground the pleading sets forth legal conclusions, and respectfully refers all questions of law to the

Court.

          4.      Denies the allegations contained in paragraph "4" of the Complaint on the

ground the pleading sets forth legal conclusions, and respectfully refers all questions of law to the

Court.

5.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "5" of the Complaint.

6.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "6" of the Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "7" of the Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "8" of the Complaint.

9.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "9" of the Complaint.

10.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "10" of the Complaint.

11.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "11" of the Complaint.

12.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "12" of the Complaint.

13.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "13" of the Complaint.

14.      Denies the allegations contained in paragraph "14" of the Complaint on the ground the term "global company" is vague, ambiguous and undefined, except admits that Nissan Motor Co., Ltd. is a company duly organized under the laws of Japan.

15.      Denies the allegations contained in paragraph "15" of the Complaint.

–2–

16.     Denies the allegations contained in paragraph "16" of the Complaint on the ground the pleading sets forth legal conclusions, and respectfully refers all questions of law to the Court.

17.     Admits the allegations contained in paragraph "17" of the Complaint.

18.     Admits the allegations contained in paragraph "18" of the Complaint.

19.     Admits the allegations contained in paragraph "19" of the Complaint.

20.     Admits the allegations contained in paragraph "20" of the Complaint.

21.     Admits the allegations contained in paragraph "21" of the Complaint.

22.     Admits the allegations contained in paragraph "22" of the Complaint.

23.     Denies the allegations contained in paragraph "23" of the Complaint on the ground the pleading sets forth legal conclusions, and respectfully refers all questions of law to the Court.

24.     Denies the allegations contained in paragraph "24" of the Complaint.

25.     Denies the allegations contained in paragraph "25" of the Complaint.

26.     Denies the allegations contained in paragraph "26" of the Complaint.

27.     Denies the allegations contained in paragraph "27" of the Complaint on the ground the pleading sets forth legal conclusions, and respectfully refers all questions of law to the Court, and specifically denies that it manufactured or assembled automobiles or component parts within the State of New York.

28.     Admits the allegations contained in paragraph "28" of the Complaint.

29.     Admits the allegations contained in paragraph "29" of the Complaint.

30.     Admits the allegations contained in paragraph "30" of the Complaint.

31.     Admits the allegations contained in paragraph "31" of the Complaint.

32.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "32" of the Complaint.

33.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "33" of the Complaint.

34.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "34" of the Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "35" of the Complaint.

36.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "36" of the Complaint.

37.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "37" of the Complaint.

38.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "38" of the Complaint.

39.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "39" of the Complaint.

40.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "40" of the Complaint.

41.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "41" of the Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "42" of the Complaint.

43.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "43" of the Complaint.

44.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "44" of the Complaint.

45.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "45" of the Complaint.

46.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "46" of the Complaint.

47.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "47" of the Complaint.

48.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "48" of the Complaint.

49.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "49" of the Complaint.

50.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "50" of the Complaint.

51.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "51" of the Complaint.

52.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "52" of the Complaint.

53.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "53" of the Complaint.

54.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "54" of the Complaint.

55.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "55" of the Complaint.

56.     Denies the allegations contained in paragraph "56" of the Complaint.

57.     Denies the allegations contained in paragraph "57" of the Complaint.

58.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "58" of the Complaint.

59.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "59" of the Complaint.

60.     Answering paragraph "60" of the Complaint, NNA repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "59" of this Answer as though fully set forth at length herein.

61.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "61" of the Complaint.

62.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "62" of the Complaint.

63.     Denies the allegations contained in paragraph "63" of the Complaint.

-6-

64. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "64" of the Complaint, except specifically denies that the vehicle had any defect or malfunction.

65. Denies the allegations contained in paragraph "65" of the Complaint.

66. Denies the allegations contained in paragraph "66" of the Complaint.

67. Denies the allegations contained in paragraph "67" of the Complaint on the grounds the pleading is vague and ambiguous, except admits that the 1999 Nissan Pathfinder vehicle bearing VIN JN8AR05Y9XW319885 was within the scope of certain Nissan vehicles that were subject to a voluntary safety recall campaign, referenced by Nissan Campaign ID #R1107 and National Highway Traffic Safety Administration Number IIV-244 and Action Number PE11004, due to the possibility of corrosion of strut tower housings from potential snow/water and salt intrusion.

68. Denies the allegations contained in paragraph "68" of the Complaint on the grounds the pleading is vague and ambiguous, except admits that the 1999 Nissan Pathfinder vehicle bearing VIN JN8AR05Y9XW319885 was within the scope of certain Nissan vehicles that were subject to a voluntary safety recall campaign, referenced by Nissan Campaign ID #R1107 and National Highway Traffic Safety Administration Number IIV-244 and Action Number PE11004, due to the possibility of corrosion of strut tower housings from potential snow/water and salt intrusion.

69. Denies the allegations contained in paragraph "69" of the Complaint on the grounds the pleading is vague and ambiguous, except admits that the 1999 Nissan Pathfinder vehicle bearing VIN JN8AR05Y9XW319885 was within the scope of certain Nissan vehicles

that were subject to a voluntary safety recall campaign, referenced by Nissan Campaign ID #R1107 and National Highway Traffic Safety Administration Number IIV-244 and Action Number PE11004, due to the possibility of corrosion of strut tower housings from potential snow/water and salt intrusion.

70.     Denies the allegations contained in paragraph "70" of the Complaint on the ground that the pleading references selective portions of a service bulletin and the pleading is therefore not complete and accurate in its characterization of the provisions of the referenced service bulletin, except admits that NNA issued service bulletin NTB00-037 addressing steering pull, dated April 12, 2000, which was subsequently revised by NTB00-037a and NTB00-37b, and refers to the complete service bulletin and revisions for the applicable language and provisions.

71.     Denies the allegations contained in paragraph "71" of the Complaint on the ground that the pleading references selective portions of a service bulletin and the pleading is therefore not complete and accurate in its characterization of the provisions of the referenced service bulletin, except admits that NNA issued service bulletin NTB00-037 addressing steering pull, dated April 12, 2000, which was subsequently revised by NTB00-037a and NTB00-37b, and refers to the complete service bulletin and revisions for the applicable language and provisions.

72.     Denies the allegations contained in paragraph "72" of the Complaint on the ground that the pleading references selective portions of a service bulletin and the pleading is therefore not complete and accurate in its characterization of the provisions of the referenced service bulletin, except admits that NNA issued service bulletin NTB00-037 addressing steering

–8–

pull, dated April 12, 2000, which was subsequently revised by NTB00-037a and NTB00-37b, and refers to the complete service bulletin and revisions for the applicable language and provisions.

## AS AND FOR AN ANSWER
## TO THE FIRST CLAIM

73.     Answering paragraph "73" of the Complaint, NNA repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "72" of this Answer as though fully set forth at length herein.

74.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "74" of the Complaint.

75.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "75" of the Complaint.

76.     Denies the allegations contained in paragraph "76" of the Complaint on the ground the pleading sets forth legal conclusions, and respectfully refers all questions of law to the Court.

77.     Denies the allegations contained in paragraph "77" of the Complaint on the ground the pleading sets forth legal conclusions, and respectfully refers all questions of law to the Court.

78.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "78" of the Complaint.

79.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "79" of the Complaint.

80.    Denies the allegations contained in paragraph "80" of the Complaint on the ground the pleading sets forth legal conclusions, and respectfully refers all questions of law to the Court.

81.    Denies the allegations contained in paragraph "81" of the Complaint on the ground the pleading sets forth legal conclusions, and respectfully refers all questions of law to the Court.

## AS AND FOR AN ANSWER
## TO THE SECOND CLAIM

82.    Answering paragraph "82" of the Complaint, NNA repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "81" of this Answer as though fully set forth at length herein.

83.    Admits the allegations contained in paragraph "83" of the Complaint.

84.    Denies the allegations contained in paragraph "84" of the Complaint, except admits that it manufactures, in part, assembles and distributes automobiles.

85.    Denies the allegations contained in paragraph "85" of the Complaint, except admits that Nissan Motor Co., Ltd. designed, in part, the 1999 Nissan Pathfinder vehicle bearing VIN JN8AR05Y9XW319885.

86.    Admits the allegations contained in paragraph "86" of the Complaint.

87.    Admits the allegations contained in paragraph "87" of the Complaint.

88.    Denies the allegations contained in paragraph "88" of the Complaint.

89.    Denies the allegations contained in paragraph "89" of the Complaint.

90.    Denies the allegations contained in paragraph "90" of the Complaint.

91.    Denies the allegations contained in paragraph "91" of the Complaint.

92.     Admits the allegations contained in paragraph "92" of the Complaint.

93.     Denies the allegations contained in paragraph "93" of the Complaint.

94.     Denies the allegations contained in paragraph "94" of the Complaint.

95.     Admits the allegations contained in paragraph "95" of the Complaint.

96.     Denies the allegations contained in paragraph "96" of the Complaint.

97.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "97" of the Complaint.

98.     Denies the allegations contained in paragraph "98" of the Complaint.

99.     Denies the allegations contained in paragraph "99" of the Complaint.

100.    Denies the allegations contained in paragraph "100" of the Complaint.

101.    Denies the allegations contained in paragraph "101" of the Complaint.

102.    Denies the allegations contained in paragraph "102" of the Complaint.

103.    Denies the allegations contained in paragraph "103" of the Complaint.

104.    Denies the allegations contained in paragraph "104" of the Complaint.

105.    Denies the allegations contained in paragraph "105" of the Complaint.

106.    Denies the allegations contained in paragraph "106" of the Complaint.

107.    Denies the allegations contained in paragraph "107" of the Complaint.

## AS AND FOR AN ANSWER
## TO THE THIRD CLAIM

108.    Answering paragraph "108" of the Complaint, NNA repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "107" of this Answer as though fully set forth at length herein.

109.    Denies the allegations contained in paragraph "109" of the Complaint.

110.    Denies the allegations contained in paragraph "110" of the Complaint.

111.    Denies the allegations contained in paragraph "111" of the Complaint.

112.    Denies the allegations contained in paragraph "112" of the Complaint.

113.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "113" of the Complaint.

114.    Denies the allegations contained in paragraph "114" of the Complaint.

115.    Denies the allegations contained in paragraph "115" of the Complaint.

116.    Denies the allegations contained in paragraph "116" of the Complaint.

117.    Denies the allegations contained in paragraph "117" of the Complaint.

## AS AND FOR AN ANSWER
## TO THE FOURTH CLAIM

118.    Answering paragraph "118" of the Complaint, NNA repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "117" of this Answer as though fully set forth at length herein.

119.    Denies the allegations contained in paragraph "119" of the Complaint, including all subparts.

120.    Denies the allegations contained in paragraph "120" of the Complaint.

121.    Denies the allegations contained in paragraph "121" of the Complaint.

122.    Denies the allegations contained in paragraph "122" of the Complaint.

123.    Denies the allegations contained in paragraph "123" of the Complaint.

## AS AND FOR AN ANSWER
## TO THE FIFTH CLAIM

124.    Answering paragraph "124" of the Complaint, NNA repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "123" of this Answer as though fully set forth at length herein.

125.    Denies the allegations contained in paragraph "125" of the Complaint on the ground the pleading sets forth legal conclusions, and respectfully refers all questions of law to the Court.

126.    Denies the allegations contained in paragraph "126" of the Complaint on the ground the pleading sets forth legal conclusions, and respectfully refers all questions of law to the Court.

127.    Denies the allegations contained in paragraph "127" of the Complaint on the ground the pleading sets forth legal conclusions, and respectfully refers all questions of law to the Court.

128.    Denies the allegations contained in paragraph "128" of the Complaint on the ground the pleading sets forth legal conclusions, and respectfully refers all questions of law to the Court.

129.    Denies the allegations contained in paragraph "129" of the Complaint.

130.    Denies the allegations contained in paragraph "130" of the Complaint.

131.    Denies the allegations contained in paragraph "131" of the Complaint.

132.    Denies the allegations contained in paragraph "132" of the Complaint.

133.    Denies the allegations contained in paragraph "133" of the Complaint.

## AS AND FOR AN ANSWER
## TO THE SIXTH CLAIM

134.    Answering paragraph "134" of the Complaint, NNA repeats, reiterates and reralleges each and every allegation contained in paragraphs "1" through "133" of this Answer as though fully set forth at length herein.

135.    Denies the allegations contained in paragraph "135" of the Complaint on the ground the pleading sets forth legal conclusions, and respectfully refers all questions of law to the Court, except admits that all new Nissan vehicles are accompanied with a limited written warranty, and refers to said warranty for its terms and conditions.

136.    Denies the allegations contained in paragraph "136" of the Complaint.

137.    Denies the allegations contained in paragraph "137" of the Complaint.

138.    Denies the allegations contained in paragraph "138" of the Complaint.

## AS AND FOR A FIRST, SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

139.    The vehicle described in the Complaint was misused.

## AS AND FOR A SECOND, SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

140.    Any damages sustained by plaintiff, as alleged in the Complaint, were caused by parties other than NNA.

## AS AND FOR A THIRD, SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

141.    Any amount that may be awarded to plaintiffs as against NNA must be reduced by the amount received from or indemnified by any collateral source.

### AS AND FOR A FOURTH, SEPARATE
### AND DISTINCT AFFIRMATIVE DEFENSE

142.    In the event that any person or entity liable or claimed to be liable for the

injuries alleged in this action has been given or may hereafter be given a release or covenant not

to sue, NNA will be entitled to protection under applicable law and the corresponding reduction

of any damages which may be determined to be due against NNA.

### AS AND FOR A FIFTH, SEPARATE
### DISTINCT AFFIRMATIVE DEFENSE

143.    NNA's liability in this action, if any, is several and not joint.

### AS AND FOR A SIXTH, SEPARATE AND
### DISTINCT AFFIRMATIVE DEFENSE

144.    NNA's liability in this action, if any, is subject to the limitations on

liability set forth in Article 16 of the New York Civil Practice Law and Rules.

### AS AND FOR A SEVENTH, SEPARATE AND
### DISTINCT AFFIRMATIVE DEFENSE

145.    Upon information and belief, Kaitlyn M. Delpozzo either failed to use,

failed to use properly, or misused the seat belts in the vehicle as a result of which the alleged

injuries were sustained or aggravated, and she was otherwise in violation of New York Vehicle

and Traffic Law Section 1229-c.

### AS AND FOR AN EIGHTH, SEPARATE
### AND DISTINCT AFFIRMATIVE DEFENSE

146.    The vehicle and its component parts and systems complied with all

applicable safety standards and complied with the state of the art at the time of manufacture and

sale.

## AS AND FOR A NINTH, SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

147.     Upon information and belief, any damages sustained by plaintiff as alleged in the Complaint were the result of abuse, neglect, and/or improper operation and/or control of the vehicle and/or its component parts, for which NNA is not responsible.

## AS AND FOR A TENTH, SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

148.     Modification and/or substantial alteration of the vehicle involved in this case may have caused or contributed to the crash and injuries in question, thereby barring recovery from NNA.

## AS AND FOR AN ELEVENTH, SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

149.     Plaintiffs' causes of action sounding in breach of warranties are time-barred by the applicable statute of limitations.

## AS AND FOR AN TWELFTH, SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

150.     The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the standards of liability for punitive damages under the law are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

## AS AND FOR A THIRTEENTH, SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

151.    The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the standards for determining the amount of the award are unduly vague and subjective, and permit arbitrary, capricious, excessive and disproportionate punishment that serves no legitimate governmental interest.

## AS AND FOR A FOURTEENTH, SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

152.    The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the post-verdict review procedures for scrutinizing punitive damage verdicts do not provide a meaningful constraint on the discretion of juries to impose punishment.

## AS AND FOR A FIFTEENTH, SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

153.    The imposition of punitive damages in this case in the absence of the procedural safeguards accorded to NNA subject to punishment in criminal proceedings, including a reasonable doubt standard of proof, would violate the Fourth, Fifth, and Sixth Amendments and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## AS AND FOR A SIXTEENTH, SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

154.     The imposition of punitive damages in this case based upon evidence of

NNA's wealth or financial status would violate the Due Process Clauses of the Fifth and

Fourteenth Amendments to the United States Constitution.

## AS AND FOR A SEVENTEENTH, SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

155.     The imposition of punitive damages in this case based on the out-of-state

conduct, profits and aggregate financial status of NNA would violate the Commerce Clause, the

Equal Protection Clause, and the Privileges and Immunities Clause of the United States

Constitution.

## AS AND FOR AN EIGHTEENTH, SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

156.     The imposition of punitive damages in this case in the absence of a

showing of malicious intent to cause harm to the plaintiffs would violate the Due Process

Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## AS AND FOR A NINETEENTH, SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

157.     The imposition of punitive damages in this case pursuant to New York law

to punish NNA for acts that occurred outside of New York's jurisdiction would violate the Due

Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution as

well as the Commerce Clause of the Constitution.

## AS AND FOR A TWENTIETH, SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

158.    The imposition of punitive damages in this case based on conduct that did

not harm the plaintiffs would violate the Due Process Clauses of the Fifth and Fourteenth

Amendments to the United States Constitution as well as the Commerce Clause of the

Constitution.

## AS AND FOR A TWENTY-FIRST
## AND DISTINCT AFFIRMATIVE DEFENSE

159.    The imposition of punitive damages in this case based on conduct

dissimilar to the conduct that allegedly harmed the plaintiffs would violate the Due Process

Clauses of the Fifth and Fourteenth Amendments to the United States Constitution as well as the

Commerce Clause of the Constitution.

## AS AND FOR A TWENTY-SECOND, SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

160.    Any award of punitive damages would violate NNA's rights under the

United States and New York Constitutions because the standards for imposing such damages

under the law are vague, arbitrary, ambiguous and do not define with sufficient clarity the

prohibited conduct or mental state which gives rise to such claim.

## AS AND FOR A TWENTY-THIRD, SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

161.    Any award of punitive damages without proof of every element by clear

and convincing evidence would violate NNA's right to due process under the United States and

New York Constitutions.

## AS AND FOR A TWENTY-FOURTH, SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

162.    Any award of punitive damages without proof of every element beyond a reasonable doubt would violate NNA's rights under Amendments IV, V, VI and XIV of the United States Constitution and substantially similar provisions of the New York Constitution.

## AS AND FOR A TWENTY-FIFTH, SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

163.    Any award of punitive damages without bifurcating the trial as to issues of compensatory and punitive damages would violate NNA's rights to due process under the United States and New York Constitutions.

## AS AND FOR A TWENTY-SIXTH, SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

164.    Any award of punitive damages would violate NNA's right to due process under the United States and New York Constitutions because it would not protect NNA against multiple punishment for the same allegedly wrongful conduct in the future.

## AS AND FOR A TWENTY-SEVENTH, SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

165.    Plaintiffs' claim for punitive damages cannot be sustained because there are no meaningful standards for determining the amount of any punitive damage award under New York law.  Therefore, any award of punitive damages in this case would violate NNA's due process rights under the United States and New York Constitutions.

WHEREFORE, defendant Nissan North America, Inc. demands judgment dismissing plaintiffs' Complaint, together with the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
        March 24, 2014

HERZFELD & RUBIN, P.C.
Attorneys for Defendants
Nissan North America, Inc. and
Motors Group, Inc.

By:_____

        Homer B. Ramsey (HR9760)
        hramsey@herzfeld-rubin.com
        125 Broad Street
        New York, New York 10004
        (212) 471-8500

TO:    STEPHEN M. SMITH, ESQ.
       Attorney for Plaintiffs
       2020 Maple Hill Street, Unit 1344
       Yorktown Heights, New York 10598