

# HERZFELD & RUBIN, P.C.
### ATTORNEYS AT LAW

125 BROAD STREET, NEW YORK, NY 10004    TEL 212 471-8500    FAX 212 344-3333    WWW.HERZFELD-RUBIN.COM

Homer D. Ramsey
Direct Line: (212) 471-8517
hramsey@herzfeld-rubin.com

**MEMO ENDORSED**

July 11, 2014

<u>Via ECF</u>

Judge Nelson S. Román
United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

          Re:     Savio v. Delpozzo, Nissan Motor Co., Ltd.,
                 Nissan North America, Inc. and Motors Group, Inc.
                 13 CIV 5606 (NSR)
                 <u>Our File No. 62112.0059</u>

Dear Judge Román:

       We represent defendants Nissan Motor Co., Ltd., Nissan North America, Inc. and Motors Group, Inc. in this product liability matter. Together with plaintiffs' attorney, we respectfully submit this Initial Report in accordance with the Pilot Project Regarding Case Management Techniques for Complex Civil Cases in the Southern District of New York (the "Pilot Project") in advance of the initial pretrial conference scheduled on July 18, 2014.[1]

## Initial Pretrial Conference Checklist

       1.      Shortly after receiving service of the Complaint in this case, Nissan North America, Inc. and Nissan Motor Co., Ltd. took steps to preserve available documents kept in the ordinary course of business related to the development, design, and developmental testing of the subject 1999 U.S. bound Nissan Pathfinder, and more specifically related to the vehicle roof structure, suspension, right passenger seatbelt, and right passenger seat. Where applicable, these defendants will produce documents responsive to discovery applicable to the subject 1999 Nissan Pathfinder in .pdf format, and all confidential/proprietary information will be produced pursuant to an appropriate stipulated protective order.

       2.      Plaintiffs and Defendants believe that fulsome initial disclosures pursuant to Rule 26(a)(1) are appropriate in this case. Defendants have asked Plaintiffs' attorney to sign a Stipulated Confidentiality Agreement and Protective Order governing the confidentiality of proprietary, trade secret and/or other sensitive documents that Defendants may produce.

       3.      Defendants intend to file a motion to dismiss Plaintiffs' claim of punitive damages on the grounds it lacks any basis or merit. Plaintiffs and defendants submit that it may be appropriate to stay or limit discovery pending adjudication of the motion.

---
[1] Plaintiffs have settled and discontinued their negligence claims against the remaining defendants.

| HERZFELD & RUBIN, P.C. | CHASE KURSHAN HERZFELD & RUBIN, LLC | HERZFELD & RUBIN, LLP | RUBIN MEYER DORU & TRANDAFIR |
| --- | --- | --- | --- |
| 1225 FRANKLIN AVE, SUITE 315 | 354 EISENHOWER PARKWAY, SUITE 1100 | 1925 CENTURY PARK EAST | SOCIETATE CIVILA DE AVOCATI |
| GARDEN CITY, NY 11530 | LIVINGSTON, NJ 07039-1022 | LOS ANGELES, CA 90067 | 7, STRADA PUTUL CU PLOPI |
| TELEPHONE: 212-471-3231 | TELEPHONE: 973-535-8840 | TELEPHONE: 310-553-0451 | BUCHAREST I, ROMANIA |
| | | | TELEPHONE: (40) (21) 311-1460 |

USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: DATE FILED:


HERZFELD & RUBIN, P.C.
ATTORNEYS AT LAW

Judge Nelson S. Román
July 11, 2014
Page 2

4. Plaintiffs and Defendants have no objection to the involvement of a Magistrate Judge with respect to pretrial matters.

5. At this time, we do not envision any preliminary issues requiring Court intervention.

6. We are not aware of any discovery issues at this juncture. In the event meet and confer efforts are not successful in resolving any discovery issues, we would recommend submission of letters to the Court in accordance with the rules governing the Pilot Project.

7. This automotive product liability case involves multiple, complex engineering and scientific issues. The Nissan Defendants submit that discovery concerning the subject vehicle (i.e., design, manufacture, compliance with safety standards, testing, inspection) should be properly focused upon the systems and components referenced in Plaintiffs' Complaint. We recommend that party depositions be conducted following the exchange of documentary disclosures and other written factual discovery, with expert discovery to follow as outlined below. We note that, in the spirit of cooperation, Plaintiffs and Defendants have agreed to conduct the deposition of defendant Nissan Motor Co., Ltd. in Torrance, California at the offices of defense counsel, rather than in Japan.

The Nissan defendants will produce documents responsive to discovery that are kept in the ordinary course of business related to the development, design, and developmental testing of the subject 1999 Nissan Pathfinder, and more specifically related to the vehicle roof structure, suspension, right passenger seatbelt, and right passenger seat. Where applicable, these defendants will produce documents responsive to discovery applicable to the subject 1999 Nissan Pathfinder in .pdf format, and all confidential/proprietary information will be produced pursuant to an appropriate stipulated protective order.

8. Plaintiffs and Defendants jointly recommend the following schedule:

- Initial Disclosures pursuant to Rule 26(a)(1) to be exchanged by August 29, 2014.
- Fact discovery (including responses to requests for production, interrogatories and other discovery demands, and party and fact depositions) to be completed by March 13, 2015.
- Case Management Conference to be conducted on March 13, 2015.
- Expert discovery to be completed by August 30, 2015, as follows:
    o Plaintiffs' experts' reports to be exchanged by April 30, 2015.
    o Defendants' experts' reports to be exchanged by June 15, 2015.



HERZFELD &
RUBIN, P.C.
ATTORNEYS AT LAW

Judge Nelson S. Román
July 11, 2014
Page 3

- o Expert depositions to be completed by August 14, 2015.
- Summary judgment motions to be briefed and fully submitted by October 16, 2015.
- Final Joint Trial Report to be submitted by January 15, 2016.[2]

9. In their Complaint, Plaintiffs assert multiple allegations sounding in strict product liability and negligence.[3] Plaintiffs claim in generalized fashion that the subject vehicle was not sufficiently crashworthy because its seats, seat belts, roof and side structures allegedly did not perform properly in the accident. In addition, Plaintiffs claim that the accident was caused by conditions which led to a recall pertaining to the vehicle's strut tower, and to a service bulletin concerning steering pull. Each of these multiple technical claims will be the subject of fact and expert discovery, and Defendants anticipate narrowing the defect allegations for trial. To that end, Defendants respectfully request permission to serve interrogatories seeking the bases of Plaintiffs' product liability claims and contentions during the fact discovery period - - i.e., rather than at the conclusion of other discovery as provided in Local Civil Rule 33.3 - - on the grounds that such articulation constitutes the crux of the claims in this case, is necessary for Defendants to analyze and prepare technical defenses, and should not be delayed until after fact discovery has been completed given the nature of this matter. Plaintiffs object to this request. In addition, Defendants respectfully request permission to serve more than 25 interrogatories as provided in Rule 33(a)(1), on the grounds that additional interrogatories are necessary to obtain all factual bases for the multiple product liability claims asserted in this case.

10. Plaintiffs and defendants do not seek bifurcation.

11. This is not a class action.

12. At this early juncture without disclosure regarding the multiple product liability claims being asserted or the alleged damages, Defendants are not in a position to recommend for or against mediation.

13. At this juncture, with limited information regarding the basis of Plaintiffs' product liability and punitive damages claims, we respectfully decline consenting to trial before a Magistrate Judge.

---

[2] Because the claims and defenses in this product liability case will be "expert driven", we recommend dispensing with the need for a Joint Preliminary Trial Report and instead submitting a Final Joint Trial Report (including witness lists) after completion of expert discovery.

[3] Plaintiffs have discontinued their time-barred breach of warranty claims.



**HERZFELD &
RUBIN, P.C.**
ATTORNEYS AT LAW

Judge Nelson S. Román
July 11, 2014
Page 4

14. At this time, we do not anticipate issues regarding the sufficiency of the pleadings or amendments thereto. Defendants do note, however, that the factual allegations in Plaintiffs' Complaint do not provide grounds supporting their claim for punitive damages. Plaintiffs disagree with Defendants' position in this regard.

15. At this time, we do not anticipate joinder of additional parties.

16. As indicated above, this product liability case involves engineering and scientific claims and defenses that will require expert analyses, the exchange of expert reports and depositions.

17. Plaintiffs' alleged compensatory damages will need to be computed and disclosed based upon evaluation of any conscious pain and suffering sustained by the decedent and any pecuniary damages. Plaintiffs will disclose their damages computation in response to Defendants' interrogatories, and will subsequently provide expert support for such claims by way of expert reports. Plaintiffs' punitive damages claim will also be the subject of Defendants' interrogatories and discovery requests, and a request by Defendants for leave to file a dispositive motion at the earliest juncture.

18. We respectfully defer to the Court with respect to the need for, and timing of, a Final Pretrial Order. We note that, as indicated above, we recommend submission of a Final Joint Trial Report by January 15, 2016.

19. At this juncture, we anticipate a trial ready date in February 2016.

20. We respectfully defer to the Court and the rules governing the Pilot Project with respect to Court logistics and mechanics.

21. We have been working together in a cooperative manner, and we intend to continue to do so. As such, we envision contacting the Court only in the event that future meet and confer efforts are not successful in resolving any disputes or concerns.



Judge Nelson S. Román
July 11, 2014
Page 5

    Thank you for your consideration.

    Respectfully submitted,

STEPHEN M. SMITH, ESQ.    HERZFELD & RUBIN, P.C.
Attorney for Plaintiffs    Attorneys for Defendants

By: _____    By: _____
Stephen M. Smith (SS1076)    Homer B. Ramsey (HR9760)

cc:    Mark V. Berry, Esq.

SO ORDERED

Dated: July 18, 2014    7/18/14
White Plains
Nelson S. Román, U.S.D.J.