UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

ROSE SAVIO as administratrix of the
Estate of Caitlyn R. Savio, deceased,     13-CIV-5606 (NSR)
and ROSE SAVIO as an Individual,

                                          Joint Electronic Discovery Submission
                    Plaintiffs,         No. ___ and [Proposed] Order

       -against-

KAITLYN M. DELPOZZO, LOUIS V.
DELPOZZO, FRANCINE DELPOZZO,
MATTHEW DELPOZZO, NISSAN
MOTOR CO., LTD., NISSAN NORTH
AMERICA, INC. and MOTORS GROUP, INC.,

                    Defendants.

---------------------------------------------------------------x

One or more of the parties to this litigation have indicated that they believe that relevant information may exist or be stored in electronic format, and that this content is potentially responsive to current or anticipated discovery requests. This Joint Submission and [Proposed] Order (and any subsequent ones) shall be the governing document(s) by which the parties and the Court manage the electronic discovery process in this action. The parties and the Court recognize that this Joint Electronic Discovery Submission No. ___ and [Proposed] Order is based on facts and circumstances as they are currently known to each party, that the electronic discovery process is iterative, and that additions and modifications to this Submission may become necessary as more information becomes known to the parties.

(1)    **Brief Joint Statement Describing the Action**, [e.g., "Putative securities class action pertaining to the restatement of earnings for the period May 1, 2009 to May 30, 2009"]:

        Product liability action involving a 1999 U.S. bound Nissan Pathfinder vehicle.

        (a)    Estimated amount of Plaintiff(s)' Claims:

              ____ Less than $100,000
              ____ Between $100,000 and $999,999
              _X_ Between $1,000,000 and $49,999,999
              ____ More than $50,000,000

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/18/2014

1

      _____ Equitable Relief
      _____ Other (if so, specify) _____

(b)     Estimated amount of Defendant(s)' Counterclaim/Cross-Claims:

      _____ Less than $100,000
      _____ Between $100,000 and $999,999
      _____ Between $1,000,000 and $49,999,999
      _____ More than $50,000,000
      _____ Equitable Relief
      _____ Other (if so, specify) _____

(2) **Competence.** Counsel certify that they are sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

(3) **Meet and Confer.** Pursuant to Fed. R. Civ. P. 26(1), counsel are required to meet and confer regarding certain matters relating to electronic discovery before the Initial Pretrial Conference (the Rule 16 Conference). Counsel hereby certify that they have met and conferred to discuss these issues.

Date(s) of parties' meet-and-confer conference(s); July 8, 2014

(4) **Unresolved Issues:** After the meet-and-confer conference(s) taking place on the aforementioned date(s), the following issues remain outstanding and/or require court intervention: _____ Preservation; _____ Search and Review; _____ Source(s) of Production; _____ Form(s) of Production; _____ Identification or Logging of Privileged Material; _____ Inadvertent Production of Privileged Material; _____ Cost Allocation; and/or _____ Other (if so, specify) _____. To the extent specific details are needed about one or more issues in dispute, describe briefly below.

_____
_____
_____
_____
_____

As set forth below, to date, the parties have addressed the following issues:

(5) **Preservation.**

    (a)     The parties have discussed the obligation to preserve potentially relevant electronically stored information and agree to the following scope and methods for preservation, including but not limited to: retention of electronic data and

implementation of a data preservation plan; identification of potentially relevant data; disclosure of the programs and manner in which the data is maintained; identification of computer system(s) utilized; and identification of the individual(s) responsible for data preservation, etc.

Plaintiff(s):
Plaintiff concurs with Defendants

Defendant(s):

For this product liability action involving a single 1999 Nissan Pathfinder vehicle, shortly after receiving service of the Complaint in this case, Nissan North America, Inc. and Nissan Motor Co., Ltd. took steps to preserve available documents kept in the ordinary course of business related to the development, design, and developmental testing of the subject 1999 Nissan Pathfinder, and more specifically related to the vehicle roof structure, suspension, right passenger seatbelt, and right passenger seat. Where applicable, these defendants will produce documents responsive to discovery applicable to the subject 1999 Nissan Pathfinder in .pdf format, and all confidential/proprietary information will be produced pursuant to an appropriate stipulated protective order.

(b) State the extent to which the parties have disclosed or have agreed to disclose the dates, contents, and/or recipients of "litigation hold" communications.

See, (5)(a), above.

(c) The parties anticipate the need for judicial intervention regarding the .following issues concerning the duty to preserve, the scope, or the method(s) of preserving electronically stored information:

None, at this time.

3

(6) **Search and Review**

    (a)    The parties have discussed methodologies or protocols for the search and review of electronically stored information, as well as the disclosure of techniques to be used. Some of the approaches that may be considered include: the use and exchange of keyword search lists, "hit reports," and/or responsiveness rates; concept search; machine learning, or other advanced analytical tools; limitations on the fields or file types to be searched; date restrictions; limitations on whether back-up, archival, legacy, or deleted electronically stored information will be searched; testing; sampling; etc. To the extent the parties have reached agreement as to search and review methods, provide details below.

        Plaintiff(s):
        Plaintiff does not anticipate any issues with regard to (6)(a). See Plaintiff's response (5)(a) above.

        Defendant(s):

        For this product liability action involving a single 1999 Nissan Pathfinder vehicle, defendants do not anticipate any issues with regard to searching for electronically stored information responsive to discovery. See, (5)(a), above.

    (b)    The parties anticipate the need for judicial intervention regarding the following issues concerning the search and review of electronically stored information:

        None, at this time.

(7) **Production**

    (a)    Source(s) of Electronically Stored Information. The parties anticipate that discovery may occur from one or more of the following potential source(s) of electronically stored information [e.g., email, word processing documents,

spreadsheets, presentations, databases, instant messages, web sites, blogs, social media, ephemeral data, etc.]:

Plaintiff(s):
See Plaintiff's response (5)(a) above.

Defendant(s):

See, (5)(a), above.

(b) Limitations on Production. The parties have discussed factors relating to the scope of production, including but not limited to (i) number of custodians; (ii) identity of custodians; (iii) date ranges for which potentially relevant data will be drawn; (iv) locations of data; (v) timing of productions (including phased discovery or rolling productions); and (vi) electronically stored information in the custody or control of .non-parties. To the extent the parties have reached agreements related to any of these factors, describe below:

Plaintiff(s):

Defendant(s):

For this product liability action involving a single 1999 Nissan Pathfinder vehicle that was primarily developed, designed, and manufactured in Japan, Nissan North America, Inc. and Nissan Motor Co., Ltd. took steps to preserve available documents kept in the ordinary course of business related to the development, design, and developmental testing of the subject 1999 Nissan Pathfinder, and more specifically related to the vehicle roof structure, suspension, right passenger seatbelt, and right passenger seat. Where applicable, these defendants will produce documents responsive to discovery applicable to

5

<u>the subject 1999 Nissan Pathfinder in .pdf format, and all confidential/proprietary information will be produced pursuant to an appropriate stipulated protective order.</u>

(c)   Form(s) of Production:

Plaintiff(s):
See Plaintiff's response 5(a) above.

Defendant(s):

See, (5)(a), above.

(1)   The parties have reached the following agreements regarding the form(s) of production:

Plaintiff(s):
See Plaintiff's response (5)(a) above.

Defendant(s):

See, (5)(a), above.

(2) Please specify any exceptions to the form(s) of production indicated above (e.g., word processing documents in TIFF with load files, but spreadsheets in native form):

See, (5)(a), above. Insofar as there are documents that cannot be appropriately produced in .pdf format, Nissan North America, Inc., and Nissan Motor Co., Ltd., will produce such information in native format, pursuant to an appropriate stipulated protective order.

(3) The parties anticipate the need for judicial intervention regarding the following issues concerning the form(s) of production:

None, at this time.

(d) Privileged Material.

(1) Identification. The parties have agreed to the following method(s) for the identification (including the logging, if any, or alternatively, the disclosure of the number of documents withheld), and the redaction of privileged documents:

Insofar as is applicable, and upon request of the parties, the party responding to discovery will provide a privilege log. Personal identifying information of Nissan customers, if any, will be redacted.

(2) Inadvertent Production / Claw-Back Agreements. Pursuant to Fed R. Civ. Proc. 26(b)(5) and F.R.T. 502(e), the parties have agreed to the following concerning the inadvertent production of privileged documents (e.g. "quick-peek" agreements, on-site examinations, non-waiver agreements or orders pursuant to F.R.E. 502(d), etc.):

See, 7(d)(3), below.

(3) The parties have discussed a 502(d) Order. Yes ____; No ____ The provisions of any such proposed Order shall be set forth in a separate document and presented to the Court for its consideration.

(e) Cost of Production. The parties have analyzed their client's data repositories and have estimated the costs associated with the production of electronically stored information. The factors and components underlying these costs are estimated as follows:

Plaintiff(s):
Plaintiff does not anticipate any cost-related issues with regard to document production at this time.

Defendant(s):

For this product liability involving a single 1999 Nissan Pathfinder vehicle, defendants do not anticipate any issues related to costs with regard to document productions at this time.

(1) Costs:

Plaintiff(s):
Plaintiff does not anticipate any cost-related issues with regard to document production at this time.

Defendant(s):

For this product liability action involving a single 1999 Nissan Pathfinder vehicle, defendants do not anticipate any issues related to costs with regard to document productions at this time.

(2) Cost Allocation. The parties have considered cost-shifting or cost sharing and have reached the following agreements, if any:

For this product liability action involving a single 1999 Nissan Pathfinder vehicle, defendants do not anticipate any issues related to costs with regard to document productions at this time.

(3) Cost Savings. The parties have considered cost-saving measures, such as the use of a common electronic discovery vendor or a shared document repository, and have reached the following agreements, if any:

> For this product liability action involving a single 1999 Nissan Pathfinder vehicle, defendants do not anticipate any issues related to costs with regard to document productions, at this time.

(f) The parties anticipate the need for judicial intervention regarding the following issues concerning the production of electronically stored information:

> None.

(8) Other Issues:

> The parties are negotiating a stipulated protective order with regard to the production of confidential and proprietary documents related to the development, design, and developmental testing of the subject 1999 Nissan Pathfinder. Otherwise, none, at this time. However, the parties reserve their rights to review, and reasonably supplement and/or amend this agreement as this case proceeds.

The preceding constitutes the agreement(s) reached, and disputes existing, (if any) between the parties to certain matters concerning electronic discovery as of this date. To the extent additional agreements are reached, modifications are necessary, or disputes are identified, they will be outlined in subsequent submissions or agreements and promptly presented to the Court.

Party: Plaintiffs

By: Stephen M. Smith, Esq.

Party: Defendants Nissan Motor Co., Ltd., Nissan North America, Inc. and Motors Group, Inc.

By: Mark V. Berry, Esq. and

Homer B. Ramsey, Esq.

Party: _____

By: _____

9

The next scheduled meet-and-confer conference to address electronic discovery issues, including the status of electronic discovery and any issues or disputes that have arisen since the last conference or Order, shall take place on: _____.

The next scheduled conference with the Court for purposes of updating the Court on electronic discovery issues has been scheduled for _to be determined_ Additional conferences, or written status reports, shall be set every 3 to 4 weeks, as determined by the parties and the Court, based on the complexity of the issues at hand. An agenda should be submitted to the Court four (4) days before such conference indicating the issues to be raised by the parties. The parties may jointly seek to adjourn the conference with the Court by telephone call 48 hours in advance of a scheduled conference, if the parties agree that there are no issues requiring Court intervention.

_____ Check this box if the parties believe that there exist a sufficient number of e-discovery issues, or the factors at issue are sufficiently complex, that such issues may be most efficiently adjudicated before a Magistrate Judge.

Additional Instructions or Orders, if any:

_This case will be referred to Hon. Judith C. McCarthy, U.S.M.J. for general pre-trial purposes. A case management conference is scheduled for Sept. 11, 2015 at 10:00am._

Dated: _July 18_, 2014

SO ORDERED:

7/18/2014

United States District Judge
Nelson S. Román

10