UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ROSE SAVIO as administratrix of the
Estate of Caitlyn R. Savio, deceased,
and ROSE SAVIO as an Individual,

                 Plaintiffs,
- against –

KAITLYN M. DELPOZZO, LOUIS V.
DELPOZZO, FRANCINE DELPOZZO,
MATTHEW DELPOZZO, NISSAN
MOTOR CO., LTD., NISSAN NORTH
AMERICA, INC. and MOTORS GROUP, INC.,

                 Defendants.
-----------------------------------------------------------X

13-CIV-5606 (NSR) (JCM)

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER, AS AMENDED**

      Defendants Nissan Motor Co., Ltd. and Nissan North America, Inc. (hereinafter "Nissan") may disclose certain Confidential Information to the parties in this action pursuant to discovery. Plaintiffs Rose Savio as administratrix of the Estate of Caitlyn R. Savio, deceased, and Rose Savio as an Individual, and Nissan agree to enter into this Stipulated Protective Order for the purpose of facilitating and expediting the discovery process and to prevent the court from having to conduct separate hearings on the information sought to be protected. In order to protect their proprietary interests and trade secret information, Nissan wishes to ensure that any such Confidential Information shall not be used for any purpose other than this action and shall not be made public or disseminated by any party or their counsel, except as set forth in this Stipulated Confidentiality Agreement and Protective Order (hereinafter "Stipulated Protective Order").

      Nissan represents that all documents, testimony, and/or other items to be produced pursuant to this Stipulated Protective Order contain trade secret, proprietary

and/or Confidential Information. The disclosure of Confidential Information would necessarily result in serious harm to Nissan. Accordingly, the parties stipulate to the following:

1. For the purposes of this Stipulated Protective Order, Confidential Information may include, but is not limited to, responses to discovery, the content of electronically stored information, tangible thing, writing, paper, model, photograph, film, videotape, transcript of oral testimony, whether printed, recorded or produced by hand or any other mechanical process. All documents, testimony and other items designated as Confidential Information, and all copies, summaries, and reproductions of such information, are subject to this Stipulated Protective Order.

2. Whenever Nissan produces a document or thing containing information deemed to be confidential, Nissan shall designate the document or thing with "Confidential," "Produced Pursuant to Protective Order," or a similar statement. If a document or thing is designated "Confidential" or "Produced Pursuant to Protective Order" on its first page, the entire document or thing shall be deemed "Confidential" or "Produced Pursuant to Protective Order." Inadvertent or unintentional production of documents or information containing Confidential Information that are not designated "Confidential" shall not be deemed a waiver, in whole or in part, of a claim for Confidential treatment.

3. All material which Nissan designates as Confidential Information in this action shall be maintained in strict confidence by the parties to this action and pursuant to the terms of this Stipulated Protective Order. The parties to this action shall not disclose or permit to be disclosed Confidential Information to any person or other entity, except to "Qualified Persons" who shall be defined to include:

a. Counsel of record for the parties in this action, and employees of such counsel who are actively engaged in assisting counsel with this action, provided they have first read this Stipulated Protective Order and have agreed to abide by its terms;

b. The responsible employee(s) of a corporate party charged with overseeing that party's participation in this action, provided they have first read this Stipulated Protective Order and have agreed to abide by its terms;

c. Independent experts and/or consultants retained by the parties to this action for the purpose of assisting in the preparation of this case, provided they have first read this Stipulated Protective Order and have agreed to abide by its terms and have signed a written certification in the form attached as Exhibit "A." Counsel for all parties to this action shall maintain such certifications and shall provide copies of them to Nissan's counsel upon request within sixty (60) days following the conclusion of the case.

d. Witnesses, either by deposition or trial testimony, who may be shown and questioned about the Confidential Information and whose testimony as well as the information attached or submitted as exhibits, shall remain subject to this Stipulated Protective Order; and,

e.  The court, court personnel, special masters, mediators, other persons appointed by the court in this action, and stenographic and other reporters pursuant to the provisions of Paragraph 5.

4. Any person who reviews the Confidential Information produced subject to this Stipulated Protective Order agrees to the jurisdiction over their person where the above-captioned matter is pending for the purposes of any action seeking to enforce the terms of this Stipulated Protective Order or any action for contempt for violation of the terms of this Stipulated Protective Order.

5. ~~The parties and their counsel who receive Confidential Information shall act to preserve the confidentiality of designated documents and information. Any party that intends to use or submit any Confidential Information in connection with any pre-trial proceedings or filings shall notify the producing party in writing of its intention to do so at the time of or before filing any relating pleadings, motions or other documents, and provide in such notice the Bates numbers or other sufficient description of such Confidential Information as to allow the producing party to identify the Confidential Information. The Confidential Information shall be submitted to the Court *in camera* in a sealed envelope or other appropriate container labeled as follows: "CONFIDENTIAL - DOCUMENTS SUBMITTED IN CAMERA."~~ *As Amended See p. 4.5 JCM*

6. If a party disagrees with the "Confidential" designation of a specific document or thing, within 30 days of receipt, the parties agree to meet and confer with one another to resolve the issue. If the parties are unable to resolve the issue, the party producing the Confidential Information shall have 70 days from the date the Confidential Information is produced to file a further protective order establishing that the disputed

4

*Rose Savio, et al. v. Kaitlyn M. DelPozzo, et al.*
13 Civ 5606 (NSR)(JCM)

**Stipulated Confidentiality Agreement & Protective Order, As Amended**

**Revised 5.**     The parties and their counsel who receive Confidential Information shall act to preserve the confidentiality of designated documents and information. Any party that intends to use or submit any Confidential Information in connection with any pre-trial proceedings or filings shall notify the producing party in writing of its intention to do so at the time of or before filing any related pleadings, motions or other documents, and provide in such notice the Bates numbers or other sufficient description of such Confidential Information as to allow the producing party to identify the Confidential Information. If a party intends to file the Confidential Information in Court ("Confidential Court Submission"), the filing party must first seek and obtain a sealing order from the Court. If the Court grants permission to file the Confidential Information under seal, the parties shall also serve the Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission. The parties will use their best efforts to minimize such sealing requests. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file, via the Court's Electronic Case Filing system, a copy of the same that redacts only the Confidential Information itself, and retains all other information that in no material way reveals the Confidential Information.

information is entitled to confidential treatment under this Stipulated Protective Order. If the party or parties producing the Confidential Information do not timely file a motion for a further protective order, then the Confidential Information in dispute shall no longer be subject to protection under this Stipulated Protective Order. Until the issue of confidentiality is resolved, either through mutual agreement of the parties or by court intervention, documents designated as Confidential Information shall remain Confidential.

7. Confidential Information may be referred to by a party in notices, motions, briefs or any other pleadings, may be used in depositions, and may be marked as deposition exhibits in this action. No such information shall be used, however, for any of these purposes unless it, or the portion where it is revealed, is appropriately marked and protected from dissemination and, where filing is necessary, it will be done pursuant to the provisions of Paragraph 5.

8. If any party wishes to modify this Stipulated Protective Order or its application to certain documents or information, that party shall first request such modification from the party producing Confidential Information and if no satisfactory agreement is reached, may petition the court for modification. Until modification is granted by agreement and/or order, the terms of this Stipulated Protective Order will govern. Provision for use of such information at trial shall be similarly made by agreement or by pretrial order governing the use and protection of the record.

9. No Confidential Information shall be disseminated to anyone:

    a. Who is an employee of a direct business competitor of the party producing the information; or,

    b.    Who is employed by a direct business competitor of the party producing the information and who directly participates in development, design, testing, manufacturing, marketing, sales, or service activities of direct business competitors.

10. Failure to abide by the terms of this Stipulated Protective Order may result in a motion for sanctions, costs, and attorney's fees, and any other appropriate legal action by or on behalf of Nissan.

11. This Stipulated Protective Order or Nissan's production of documents, things, or information in this action for inspection, copying, or disclosure to any other party to this action shall not be deemed to waive any claim of attorney-client or work product privilege that might exist with respect to these or any other documents or communications, written or oral, including, without limitation, other communications referred to in any documents which Nissan may produce.

12. Within thirty (30) days from the entry of final judgment, settlement, or dismissal in connection with this action, each party to this action shall return to counsel for Nissan its original copies of all Confidential documents and information received under this Stipulated Protective Order, together with all reproductions, copies, abstracts, summaries, or other writings that contain, reflect, or disclose the substance of the Confidential Information. Each party's counsel will certify by declaration to Nissan's counsel that this Stipulated Protective Order has been complied with by them and their experts/consultants in the form attached as Exhibit "B."

13. After termination of this Action, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter

of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this Action. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

Dated: September 12, 2014

By: _____

STEPHEN M. SMITH, ESQ.
Attorney for Plaintiffs

Stephen M. Smith (SS1076)
2020 Maple Hill Street, Unit 1344
Yorktown Heights, New York 10598
(914) 401-6007
ssmith@smithandflynn.com

By: _____

HERZFELD & RUBIN, P.C.
Attorneys for Defendants
Nissan Motor Co., Ltd., Nissan North America, Inc. and Motors Group, Inc.

Homer B. Ramsey (HR9760)
125 Broad Street
New York, New York 10004
(212) 471-8500
hramsey@herzfeld-rubin.com

IT IS SO ORDERED.

DATED: __9-22-14__

_____
Magistrate Judge Judith C. McCarthy
United States Magistrate Judge

7

<u>EXHIBIT "A"</u>

**[ATTACH FULLY EXECUTED STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER TO THIS AFFIDAVIT]**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ROSE SAVIO as administratrix of the
Estate of Caitlyn R. Savio, deceased,
and ROSE SAVIO as an Individual,

             Plaintiffs,

- against –

KAITLYN M. DELPOZZO, LOUIS V.
DELPOZZO, FRANCINE DELPOZZO,
MATTHEW DELPOZZO, NISSAN
MOTOR CO., LTD., NISSAN NORTH
AMERICA, INC. and MOTORS GROUP, INC.,

             Defendants.
-----------------------------------------------------------X

13-CIV-5606 (NSR)

**DECLARATION OF [INSERT NAME OF DECLARANT] RE STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

STATE OF _____ )
                                       ) ss.
COUNTY OF _____ )

I, _____, declare under penalty of perjury under
     (insert name of recipient of the documents)

the laws of the **[IDENTIFY STATE/United States of America]** that the following is true and correct:

    1.    My full name and business address are:

_____.

    2.    I have read and fully understand the attached Stipulated Confidentiality Agreement and Protective Order.

1

3. I am fully familiar with and agree to comply with and be bound by the provisions of said Stipulated Confidentiality Agreement and Protective Order, and submit to the jurisdiction of the court in which this matter is pending for any proceedings with respect to said Stipulated Confidentiality Agreement and Protective Order.

4. I will not discuss or divulge to persons other than those specifically authorized by this Stipulated Confidentiality Agreement and Protective Order, and will not copy or use, except solely for the purposes of this action and for no other purposes, any documents, materials or information obtained pursuant to said Stipulated Confidentiality Agreement and Protective Order.

EXECUTED this _____ day of _____, 2014.


_____
Signature of Declarant

EXHIBIT "B"

[ATTACH FULLY EXECUTED STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER TO THIS AFFIDAVIT]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ROSE SAVIO as administratrix of the      13-CIV-5606 (NSR)
Estate of Caitlyn R. Savio, deceased,
and ROSE SAVIO as an Individual,

               Plaintiffs,                DECLARATION OF [INSERT NAME OF
- against –                                          DECLARANT] RE STIPULATED
                                                      CONFIDENTIALITY AGREEMENT AND
KAITLYN M. DELPOZZO, LOUIS V.           PROTECTIVE ORDER
DELPOZZO, FRANCINE DELPOZZO,
MATTHEW DELPOZZO, NISSAN
MOTOR CO., LTD., NISSAN NORTH
AMERICA, INC. and MOTORS GROUP,
INC.,

               Defendants.
-------------------------------------------------------X

STATE OF _____ )
                                     ) ss.
COUNTY OF _____ )

I, _____, declare under penalty of perjury under
(insert name of recipient of the documents)

the laws of the [IDENTIFY STATE/United States of America] that the following is true and correct:

    1.    I am counsel of record for [name of party]. My full name and business address are:

_____
(insert name and address of recipient of the documents)

    2.    I agreed to be bound by the terms and conditions of the Stipulated Confidentiality Agreement and Protective Order. I acknowledged my consent to be so

1

bound by executing the attached Stipulated Confidentiality Agreement and Protective Order.

3. Pursuant to Paragraph 12 of the Stipulated Confidentiality Agreement and Protective Order attached hereto, I acknowledge that I am obligated to return original copies of all Confidential documents and information received under this Stipulated Confidentiality Agreement and Protective Order, together with all reproductions, copies, abstracts, summaries, or other writings that contain, reflect, or disclose the substance of the Confidential Information within thirty (30) days from the entry of final judgment, settlement, or dismissal in connection with this action.

4. I certify that I have returned original copies of all Confidential documents and information received under this Stipulated Confidentiality Agreement and Protective Order, together with all reproductions, copies, abstracts, summaries, or other writings that contain, reflect, or disclose the substance of the Confidential Information to counsel for NNA.

5. I certify that the experts and consultants hired in this action on behalf of my client(s) have returned original copies of all Confidential documents and information received under this Stipulated Confidentiality Agreement and Protective Order, together with all reproductions, copies, abstracts, summaries, or other writings that contain, reflect, or disclose the substance of the Confidential Information to me. I further certify that I have returned such Confidential Information to counsel for Nissan.

EXECUTED this _____ day of _____, 2014.

_____
Signature of Declarant